UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLTON CHARLES, ET AL.                                    CIVIL ACTION

VERSUS                                                            NO. 24-1815

CHUBB EUROPEAN GROUP SE                      SECTION "R" (2)


## ORDER AND REASONS


Before the Court is defendant Chubb European Group SE's ("Chubb")
opposed[1] motion to dismiss[2] pursuant to Rule 12(b)(5) of the Federal Rules
of Civil Procedure.  For the following reasons, the Court denies the motion.


I.      BACKGROUND

Plaintiffs Carlton and Gwendolyn Muse Charles filed this action
against Chubb in Louisiana state court on April 19, 2023, seeking to recover
damages from Chubb's alleged underpayment of their insurance claim for
damage to their home from Hurricane Ida.[3]  On April 20, 2023, Plaintiffs'
counsel requested service from the Orleans Parish Clerk of Court and
enclosed three checks for fees to effect service by the Orleans Parish Sheriff,

---

[1]      R. Doc. 8.
[2]      R. Doc. 6.
[3]      R. Doc. 1-1 ¶¶ 8-13.

the East Baton Rouge Sheriff, and the Louisiana Secretary of State.[4]  But after processing one check for the Orleans Parish Sheriff, the Orleans Parish Clerk failed to forward the service requests and corresponding checks to the East Baton Rouge Parish Clerk and the Louisiana Secretary of State.[5]  Plaintiff's counsel discovered the error during a case audit and asked that service be reissued on May 8, 2024.[6]  Chubb was successfully served on June 24, 2024.[7] Chubb removed this action to federal court on July 18, 2024.[8]

Chubb now moves to dismiss the case under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.[9] Chubb argues that it was not served within 90 days of the filing of the complaint as required by Federal Rule of Civil Procedure 4(m).[10]  Plaintiffs contend that they complied with the service of process requirements of Louisiana Code of Civil Procedure art. 1201, that the failure to timely serve defendant should not be attributed to any action, inaction, or omission of plaintiffs, and that service has already been completed.[11]

---

[4]      R. Doc. 8-1 at 1.
[5]      R. Doc. 8 at 1.
[6]      *Id.* at 2.
[7]      *Id.*
[8]      *See* R. Doc. 1.
[9]      R. Doc. 6.
[10]     R. Doc. 6-1 at 2-3.
[11]     R. Doc. 8 at 3-5.

The Court considers the parties' arguments below.

## II.    LAW AND ANALYSIS

Defendant's objections are without merit.  Chubb seeks dismissal of plaintiffs' action for insufficient service of process because service was untimely.  Service was completed before Chubb removed the case to this Court.  "Objections regarding service of process which arise prior to removal may be raised in federal court and are not waived by removal." *Vaughn v. Frame*, 210 F.3d 366 (5th Cir. 2000) (citing *Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 618 (5th Cir. 1989)).  But the Federal Rules of Civil Procedure only "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).  Therefore, when a defendant objects to service of process that occurred before removal, courts must look "to state law to ascertain whether service was properly made prior to removal." *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1051 (5th Cir. 1972); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (1987) ("In determining validity in the state court prior to removal, a federal court must apply the law of the state under which the service was made.").

Plaintiffs timely requested service in compliance with Louisiana law. Louisiana Code of Civil Procedure article 1201(C) mandates that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." Because the Louisiana legislature intended this "90-day service request requirement" to address "problems related to withholding service," *Filson v. Windsor Court Hotel*, 907 So. 2d 723, 726-28 (La. 2005), a "request for service of citation upon the defendant [is] considered timely if requested on the defendant within the time period provided . . . notwithstanding insufficient or erroneous service." La. Code Civ. P. art. 1201(D); *see also Covington v. Town of Jackson*, No. 19-201, 2020 WL 8338293, at *6 (M.D. La. Feb. 20, 2020) (recognizing that the equivalent provision governing timeliness for service on state actors "emphasizes the difference between service and the request for service, while also clarifying that a proper request can withstand an error in actual service"). A valid request for service under [Louisiana law] is made when the clerk receives the request for service and can then act on it." *Trenchant v. State*, 5 So.3d 832, 838 (La. 2009). Here, the Orleans Parish Clerk of Court received a request for service, service instructions, and requisite payments from plaintiffs' counsel on April 20, 2023.[12] Plaintiffs therefore made a valid

---

[12]    R. Doc. 8-1 at 1-4.

request for service one day after filing the complaint on April 19, 2023,[13] within the 90-day time period prescribed by Louisiana Code of Civil Procedure article 1201(C).

Moreover, even if the service made on defendant before removal was untimely under state law, dismissal under Rule 12(b)(5) would not be warranted. Under federal law, plaintiffs may complete process or service in the district court in "all cases removed from any State court" in which "any one or more of the defendants has not been served with process," or "in which process served proves to be defective." 28 U.S.C. § 1448. It would serve "no useful purpose" for this Court to dismiss the action only to have plaintiffs refile the suit and effect service again. *Freight Terminals, Inc.*, 461 F.2d at 1052; *see also Russo v. Prudential Ins. Co. of America*, 116 F.R.D. 10, 11-12 (E.D. Pa. 1986) ("In cases, like the case before us, which are removed to federal court after service has already been accomplished, any delay between the initiation of an action and the service of the complaint simply has no effect on the [prompt] movement of civil actions in the federal courts."). The Court therefore denies defendant's motion to dismiss.

---

[13]    R. Doc. 1-1.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's Rule 12(b)(5) motion to dismiss.


New Orleans, Louisiana, this __29th__ day of October, 2024.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE